### 30114. DUGGER *v.* THE STATE.

DECIDED SEPTEMBER 15, 1943.

*Mrs. Charles Camp, Vaughn Terrell,* for plaintiff in error.
*Henderson Lanham, solicitor-general,* contra.

BROYLES, C. J. The defendant was tried on an indictment charging an assault with intent to murder and was convicted of the offense of assault and battery. His motion for a new trial was overruled and he excepted to that judgment.

The evidence, while it would have authorized a verdict of guilty of an assault with intent to murder, also authorized the verdict returned. The defendant's contention, that the evidence for the State, if credible, demanded a verdict for the greater offense, and the statement of the accused, if believed by the jury, demanded an acquittal, is without merit. The State's evidence did not *demand* a verdict for assault with intent to murder, since that verdict could not have been returned unless the evidence demanded a finding that the assault was made with the specific intent to kill the person assaulted, and such a finding was not demanded by the evidence. Furthermore, the defendant's statement to the jury did not demand his acquittal. It is well settled law that the jury are authorized "to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited. *Brown* v. *State,* 10 *Ga. App.* 50-55 (72 S. E. 537)." *May* v. *State,* 24 *Ga. App.* 379, 382 (100 S.

E. 797). In the instant case the jury were authorized to believe that part of the defendant's statement in which he said, "I picked up a stick and hit him [the prosecutor] with it," and to reject the other parts of the statement. The cases cited in behalf of the accused are distinguishable by their facts from this case.

The excerpt from the charge, upon which error is assigned, when considered in the light of the entire charge and the facts of the case, is not error for any reason assigned. The other special assignments of error show no cause for another trial.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*